The court incorporates by reference in this paragraph and adopts as the findings and analysis of this court the document set forth below. This document has been entered electronically in the record of the United States Bankruptcy Court for the Northern District of Ohio.



Dated: December 14 2022

John P. Gustafson
United States Bankruptcy Judge

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION – CANTON

| | | |
|---|---|---|
| In Re: | ) | Case No.   22-60760 |
| | ) | |
| Melissa L. Alderman, | ) | Chapter 13 |
| | ) | |
| | ) | |
| Debtor. | ) | Judge John. P. Gustafson |
| | ) | |
| | ) | |

### ORDER DENYING MOTION FOR REFUND

This case came before the court on Debtor Melissa L. Alderman's (the "Debtor") Motion for Refund (the "Motion"). [Doc. #4].   In the Motion, the Debtor requests a refund of the $313.00 Filing Fee paid when the Petition was filed.  The Debtor argues that, because the Petition commencing the case was filed in error, a refund is warranted.  For the following reasons, the court will deny the Motion.

On July 30, 2022, Debtor filed a Chapter 13 Petition.[1]   Debtor checked the box next to the

---

1/  On July 30, 2022, Debtor filed two identical petitions for relief under Chapter 13 of the Bankruptcy Code.   They were given different case numbers.  *See, In re Alderman*, Case No. 20-60760; *In re Alderman*, Case No. 20-60761.   A bankruptcy court may generally take judicial notice of its own records in other cases.  *See, United States v. Ferguson*, 681 F.3d 826, 834 (6th Cir. 2012)("Moreover, '[j]udicial records may sometimes be properly noticed to show the acts

statement: "I need to pay the fee in installments." [Doc. #1, p. 3, Q. 8.]. However, Debtor did not file an Application to pay the filing fee in installments. On August 2, 2022, the Filing Fee of $313.00 was paid. On August 4, 2022, the Debtor filed a Motion to Dismiss Case. [Doc. #2]. On August 11, 2022, the court dismissed the case. [Doc. #3]. On August 12, 2022, Debtor filed the Motion seeking a refund. [Doc. #4].

Debtor filed a separate Chapter 13 Petition on the same day, July 30, 2022, and that separate case was given the case number 22-60761. [Case No. 22-60761, Doc. #1]. On August 3, 2022, the Filing Fee of $313.00 was also paid in that separate case. This separate case was dismissed upon motion by the Debtor. [Case No. 22-60761, Doc. ##2, 3]. A Motion for Refund was also subsequently filed in that separate case alleging that the second case was also filed in error. [Case No. 22-60761, Doc. #4].

The current version of the Bankruptcy Fee Compendium addresses the issue before the court.

> **Prohibition Against Refunding Filing Fees.** The Judicial Conference prohibits refunding the fees due upon filing. The Conference prohibits the clerk from refunding these fees even if the party filed the case in error, and even if the court dismisses the case or proceeding. Nevertheless, the clerk must refund any fee collected without authority.

Bankruptcy Fee Compendium III (June 1, 2014), Section A.8, p. 16 (footnote omitted); *and see*, *In re Fletcher*, 2012 WL 3133931 at *1, 2012 Bankr. LEXIS 3574 at *2 (Bankr. N.D. Ohio Aug. 1, 2012) (describing the binding nature of the fee rules contained in the Fee Compendium). Here, the Fee Compendium's specific prohibitions against refunding fees "due upon filing" or for filing "the case in error" cannot be overcome by the Debtor because the case was filed in error and there is no evidence that the Filing Fee was collected "without authority."

Under the Bankruptcy Fee Compendium and Local Bankruptcy Rule 5080-1(a), to allow the refund of a filing fee, the court must find either that: the fee was collected without authority, or the fee was collected due to administrative error on the part of the clerk's office. *See*, Local

---

of the parties or other actors in the litigation; e.g., that a complaint was filed, that return of service was made, or that stipulations were entered into.'" (citing 21B Charles Alan Wright et al., *Federal Practice and Procedure* §5106.4 (2d ed. 2005)); *United States v. Wilson*, 631 F.2d 118, 119–20 (9th Cir. 1980)("In particular, a court may take judicial notice of its own records in other cases, as well as the records of an inferior court in other cases." (citing 9 Wright & Miller, *Federal Practice and Procedure* §2410, at 359–61 (1971); *Kasey v. Molybdenum Corp. of America*, 336 F.2d 560 (9th Cir. 1964)); *Cafferty v. Blackmar* (*In re Blackmar*), 2022 WL 2399105 at *13 n.3, 2022 Bankr. LEXIS 1837 at *33 n.3 (Bankr. N.D. Ohio July 1, 2022)("The court takes judicial notice of the contents of its case docket." (collecting cases)).

Rule 5080-1(a).[2] *Lofton v. Roll* (*In re Lofton*), 2016 WL 1179245 at *1, 2016 Bankr. LEXIS 1038 at *2 (Bankr. N.D. Ohio Mar. 25, 2016)("Thus, the standard for court authorization to allow the refund of a filing fee is twofold: [(1)] the fee was collected without authority or [(2)] the fee was collected due to administrative error on the part of the Clerk's office.").

"Filing fees in bankruptcy are governed by statute." *Richmond v. Nat'l Collegiate Student Loan Tr. 2007-2* (*In re Richmond*), 2015 WL 5333812 at *1, 2015 Bankr. LEXIS 3067 at *2 (Bankr. N.D. Ohio Sept. 11, 2015)(Whipple, J.). "Section 1930 of title 28 specifies the filing fees payable to the clerk of the bankruptcy court when a case is commenced under any chapter of the Bankruptcy Code." 1 Collier on Bankruptcy ¶9.02[1] (Richard Levin & Henry J. Sommer eds., 16th ed.)(footnote omitted). Rule 1006(a) carries out the mandate of §1930 requiring the payment of the filing fees specified by statute. 9 Collier on Bankruptcy ¶1006.02 (Richard Levin & Henry J. Sommer eds., 16th ed.). The "filing fee specified in 28 U.S.C. §1930 must be paid at the filing of the petition under Bankruptcy Rule 1006(a) . . . ." Keith M. Lundin, Lundin On Chapter 13, §35.8, at ¶1, LundinOnChapter13.com (last visited Dec. 12, 2022). Accordingly, the time for determining whether a fee was "due" is the time the petition or other pleading was filed.

A "filing fee is due upon the commencement of a case and the obligation to pay it is not affected by subsequent events in the case." *In re Fortman*, 456 B.R. 370, 374 (Bankr. N.D. Ind. 2011)(citing Fed. R. Bankr. P. 1006(a)). For example, fees "due upon filing are not refunded even if the case was filed in error or the court dismisses the proceeding." *Id.* (citing Bankruptcy Fee Compendium III (May 2010), Part A, ¶8, pg. 13–14); *see also,* Bankruptcy Fee Compendium III (June 1, 2014), Section A.8, p. 16; *In re Collum*, 2012 WL 2921491 at *4, 2012 Bankr. LEXIS 3279 at *14 (Bankr. N.D. Ohio July 17, 2012)(Whipple, J.)(noting the filing fee is due when a party files a motion to reopen a case unless reopening case is done to file an action related to discharge or to correct an administrative error but the "phrase 'to correct an administrative error' as used in the Judicial Conference policy means an error by the clerk or the court itself and 'does not include errors by the debtor, the debtor's attorney or the trustee.'"). Further, attorneys are charged with knowledge of the Bankruptcy Code and the provisions that govern fees. *In re Oliver*,

---

2/ (a) *General Rule*. Neither the Clerk nor a Judge has the authority to permit refund of fees due upon filing except for fees collected without authority or due to administrative error on the part of the clerk's office. Refunds will not be permitted if a party files a document in error, even if the Court dismisses the case or proceeding or denies the relief requested.

3

480 B.R. 275, 280 (Bankr. W.D. Ky. 2012).³ Accordingly, a refund of a fee due upon filing is prohibited even if the case was filed in error.

Here, at the time the case was filed, the fee was "due." Accordingly, collection of the fee was not "without authority." When Debtor paid the full filing fee, she no longer qualified for payment of the filing fee in installments pursuant to Rule 1006(b). The Motion states that the case was filed in error. Accordingly, this fee was due upon filing despite the case being filed in error.

Thus, pursuant to the statute, the Federal Rules of Bankruptcy Procedure, the fee policies of the Bankruptcy Fee Compendium, and Local Rule 5080-1, the court must deny Debtor's Motion for the issuance of a refund.

Wherefore, for all of the reasons stated herein,

**IT IS ORDERED** that Debtor's Motion for Refund [Doc. #4] in Case Number 22-60760 be, and hereby is, **DENIED.**

**IT IS SO ORDERED.**

###

---

3/ "Administrative Office of the U.S. Courts, Bankruptcy Fee Compendium III (2014). The Bankruptcy Court for the Northern District of Ohio has made a copy of the 2014 edition available online at https://www.ohnb.uscourts.gov/sites/default/files/file-list/feecompendium_0.pdf." 1 Collier on Bankruptcy ¶9.02[4] n.24a (Richard Levin & Henry J. Sommer eds., 16th ed.). The Fee Compendium may also be accessed at the Bankruptcy Court for the Northern District of Ohio's website by selecting "Filing Fees" under the "Court Info" tab and then selecting "Fee Compendium."